UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL BERNICE PIERCE, | ) |
| | ) CASE NO. C11-1810-RSL-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff Carol Bernice Pierce appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XIV of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1964 and was 43 years old on the alleged disability onset date. (Administrative Record ("AR") 24.) She completed high school and two years of vocational

REPORT AND RECOMMENDATION
PAGE -1

training. (AR 41, 154.) Her past work experience includes employment as a receptionist and a general office clerk. (AR 24, 57-58.) In October 2008, she applied for SSI and DIB, alleging disability beginning September 10, 2008. (AR 124-32.) Plaintiff asserts she is disabled due to rheumatoid arthritis, two hip replacement, anxiety, and depression. (AR 148.)

The Commissioner denied plaintiff's claim initially and on reconsideration. (AR 67, 75-80.) Plaintiff requested a hearing, which took place on July 22, 2010. (AR 33-62.) On August 9, 2010, the ALJ issued a decision finding plaintiff not disabled. (AR 15-27.) Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council (AR 1-5), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On October 28, 2011, plaintiff timely filed the present action challenging the Commissioner's decision. (Dkt. No. 1.)

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 18.) At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found plaintiff had the following severe impairments: major depressive disorder, anxiety disorder, arthritis, status post bilateral hip replacement, and alcohol dependence. *Id*. Step three asks

whether the claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19.) If the claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work with additional postural limitations. (AR 21.) She is further limited to tasks that can be learned in 30 days or less, involving no more than simple work-related decisions and few workplace changes, and she should not interact with the general public. *Id*. As a result of her alcohol dependence, the ALJ found plaintiff is markedly limited in her ability to make judgments on simple work related decisions, to respond appropriately to work pressures in a usual work setting, and to respond appropriately to changes in a routine setting. *Id*. With that assessment, the ALJ found plaintiff unable to perform her past relevant work. (AR 24.)

If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. Based on the testimony of a vocational expert, the ALJ found, when considering plaintiff's alcohol dependence, plaintiff was unable to make a successful vocational adjustment to work that exists in significant numbers in the national economy and she is, therefore, disabled. (AR 24.)

Having determined that plaintiff is disabled when the effects of substance abuse are considered, the ALJ conducted another five-step evaluation process to determine whether

plaintiff's disabling limitations would remain if she stopped the substance abuse. At step two, the ALJ found, if plaintiff stopped the substance abuse, she would continue to have a severe impairment or combination of impairments. (AR 25.) At step three, the ALJ found, if plaintiff stopped the substance abuse, she would not have an impairment or combination of impairments that met or equaled a listing. *Id*. At step four, the ALJ found, if plaintiff stopped the substance abuse, she would retain the same RFC, except that the marked limitations identified would resolve. *Id*. With that assessment, the ALJ found plaintiff unable to perform her past relevant work. (AR 26.) At step five, the ALJ found, if plaintiff stopped the substance abuse, there would be a significant number of jobs in the national economy that she could perform. (AR 26.) Therefore, the ALJ concluded substance use is a contributing factor material to the determination of disability and plaintiff is not disabled. (AR 26-27.)

Plaintiff argues the ALJ erred in finding her alcohol dependence was a contributing factor material to the determination of disability. (Dkt. No. 21.) She requests remand for further proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence, is free of legal error, and should be affirmed. (Dkt. No. 22.)

### A. Drug Abuse and Alcoholism

A social security claimant is not entitled to benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Therefore, where relevant, an ALJ must conduct a drug abuse and alcoholism ("DAA") analysis and determine whether a claimant's disabling limitations remain, absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935. That is, the ALJ must first identify disability under the five-step procedure and then

conduct a DAA analysis to determine whether substance abuse is material to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If the remaining limitations without DAA would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling without DAA, then the claimant's substance abuse is material and benefits must be denied. *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007). Plaintiff bears the burden of proving that DAA is not material to the disability claim. *Id*. at 748.

As required under the regulations, after finding plaintiff disabled when alcohol dependence was considered, the ALJ then considered whether plaintiff's disabling limitations would remain if she abstained from alcohol. 20 C.F.R. §§ 404.1535, 416.935. In making this determination, the ALJ considered the opinions of examining psychologist Erica Rubin, Ph.D., State agency consultant Lisa Hacker, M.D., and treating clinical social working Rachel Berger, LICSW, MSW. (AR 22-23.) The ALJ found this medical evidence showed the remaining limitations would not be disabling, and that plaintiff's alcohol dependence is a contributing factor material to the determination of disability and benefits must be denied. (AR 22-26.)

Plaintiff challenges the ALJ's DAA analysis, arguing that the ALJ failed to provide a legally sufficient explanation for his conclusion that plaintiff's alcohol dependence was material to a finding of disability. Plaintiff contends that the opinion evidence the ALJ relied upon did not address what limitations would remain if she abstained from alcohol and at what severity. Therefore, plaintiff argues, there is no support for the ALJ finding DAA material. The Court agrees with plaintiff that the ALJ's conclusion that plaintiff would not be disabled if her alcohol dependence resolved is not supported by substantial evidence.

REPORT AND RECOMMENDATION
PAGE -5

First, the ALJ relied upon the opinion of consultative examiner Dr. Rubin. (AR 22.) Dr. Rubin examined plaintiff in January 2009. (AR 241-47.) She diagnosed alcohol dependence, major depression (recurrent, current episode moderate), panic disorder with agoraphobia, and social anxiety disorder. (AR 245.) She assigned plaintiff a Global Assessment of Functioning ("GAF")[1] score of 45, indicating serious symptoms or a serious impairment in social, occupational, or school functioning. DSM-IV at 34. Dr. Rubin noted,

> [I]t appears that she has had a recurrence of major depression and an intensification of anxiety that is now interfering with normal functioning. Continued alcohol abuse and dependence likely play a role in this. Her anxiety and depression are unlikely to improve if she does not simultaneously address her alcohol problem. This claimant does not seem to have good insight into the role of her alcohol use on her anxious and depressive symptoms.

(AR 246.) Dr. Rubin opined that plaintiff could perform simple, repetitive tasks, could accept instructions from supervisors, and could perform work activities on a consistent basis without special instruction. *Id*. However, she opined that plaintiff would have difficulty interacting with coworkers and the public due to her anxiety, would struggle to cope with the usual stress encountered in competitive work, and her psychiatric condition would interrupt her ability to maintain regular attendance in the workplace and complete a normal workday/workweek. *Id*.

The ALJ assigned Dr. Rubin's opinion great weight, explaining that "her examination of the [plaintiff] was thorough, relying both on subjective and objective factors." (AR 22.) However, as plaintiff notes, Dr. Rubin did not specifically address whether the functional limitations she identified would persist if plaintiff abstained from alcohol, or to what extent

---

[1] The GAF score is a subjective determination based on a scale of 1 to 100 of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32-34 (4th ed. 2000) (DSM-IV).

REPORT AND RECOMMENDATION
PAGE -6

plaintiff's alcohol dependence impacted these limitations. Thus, Dr. Rubin's opinion does not constitute substantial evidence to support the ALJ's finding that plaintiff's disabling limitations would have resolved with abstinence.

Second, the ALJ relied on the opinion of nonexamining State agency consultant Dr. Hacker. (AR 22-23.) On March 11, 2009, Dr. Hacker completed a psychiatric review technique form and a mental residual functional capacity ("MRFC") assessment. (AR 274-90.) She noted evidence of major depression, panic disorder with agoraphobia, and alcohol dependence. (AR 277-82.) She opined that plaintiff may have difficulty with detailed tasks, but could understand and remember simple tasks, perform at a consistent pace, and complete a normal workweek the vast majority of the time. (AR 290.) She further opined that, due to plaintiff's anxiety, she should not work directly with the general public, and should be restricted to a predictable work environment. *Id*.

The ALJ assigned Dr. Hacker's opinion great weight, noting that her assessment is supported by a critical evaluation of the medical evidence and the medical source statements in the record. (AR 23.) The ALJ also noted Dr. Hacker's opinion is generally consistent with the evidentiary record. *Id*. Like Dr. Rubin's opinion, Dr. Hacker did not address the issue of materiality. Although Dr. Hacker's opinion appears to include limitations related to plaintiff's alcohol dependence, it does not indicate that plaintiff would no longer be disabled if she stopped using alcohol, and therefore does not support the ALJ's DAA analysis.

Third, the ALJ relied on the July 8, 2010, medical source statement from social worker Ms. Berger, who treated plaintiff for mental health issues since October 2008. (AR 23, 696-99.) Ms. Berger opined that plaintiff had "marked" limitations in her ability to carry out

01 short, simple instructions; understand, remember, and carry out detailed instructions; and make
02 judgments on simple work-related decisions.  (AR 696.)  She noted plaintiff has diagnoses of
03 Major Depressive Disorder (recurrent moderate), Anxiety Disorder, and a long history of
04 alcohol dependence, and believed plaintiff's "cognitive abilities have become impaired due to
05 alcohol dependence.  Her depressive & anxiety symptoms are prominent as well."  *Id*.

06      Ms. Berger further opined that plaintiff had "marked" limitations in her ability to
07 respond appropriately to work pressures in a usual work setting, and to changes in a routine
08 work setting.  (AR 697.)  She noted, "Carol is quite isolative & has interpersonal struggles.
09 Her depressive & anxiety symptoms play a role in her poor self esteem & self image.  She
10 struggles with feeling hopeless & helpless, low motivation to follow through with tasks."  *Id*.

11      Regarding the impact of plaintiff's alcohol dependence on the limitations she assessed,
12 Ms. Berger stated, if plaintiff were totally abstinent from alcohol use, she "would still carry the
13 diagnosis of Major Depressive D/O & Anxiety D/O, so *the limitations discussed earlier are still*
14 *a problem.  Her short term memory loss & cognition wouldn't be as much of an issue without*
15 *substance abuse*."  (AR 698 (emphasis added).)  In a separate letter Ms. Berger wrote, "It is
16 my belief that she is not appropriate to return to work at this time.  Because she struggles to get
17 out of her apartment most days, it is obvious to me that she wouldn't be consistent in getting to
18 a place of employment."  (AR 699.)

19      The ALJ gave Ms. Berger's assessment great weight, finding "it clearly demonstrates
20 alcohol dependence plays a significant role in the claimant's diminished cognitive ability, and
21 that her limitations would improve if her alcohol dependence resolved."  (AR 23.)  Again, the
22 ALJ's conclusion is not supported by substantial evidence.  While Ms. Berger agreed that

plaintiff's substance abuse complicated her mental impairments, she did not specify which mental limitations would remain if plaintiff stopped drinking. Rather, Ms. Berger stated that the limitations she assessed would still be a problem. (AR 698.) Although Ms. Berger indicated that plaintiff's "short term memory loss & cognition wouldn't be as much of an issue without substance abuse," she did not identify which limitations would improve or to what degree if her alcohol dependence were resolved. Thus, Ms. Berger's opinion does not support the ALJ's conclusion that alcohol dependence was material to a finding of disability.[2]

The key inquiry is whether plaintiff would still be found disabled absent alcohol dependence, which requires an evaluation of which mental limitations would remain if plaintiff stopped drinking. While the medical experts generally agreed that plaintiff's substance abuse complicated her mental impairments, the record is clear that none of three medical experts the ALJ relied upon addressed what limitations would remain if she abstained from alcohol and at what severity. The ALJ's conclusion on this point is nothing more than a guess.

The Commissioner argues that "taken together and read in the context of the entire record, the ALJ reasonably interpreted these opinions as showing that Plaintiff would not be disabled if the effects of her alcohol use were excluded." (Dkt. No. 22 at 6.) Although the Commissioner offers several other reasons that could justify the ALJ's conclusion that plaintiff's alcohol dependence was material to a finding of disability, the fact remains that these

---

[2] Plaintiff also asserts that the ALJ rejected Ms. Berger's opinion that plaintiff was markedly limited in her ability to carry out short, simple instructions without any explanation. (Dkt. No. 21 at 8 n.1; AR 696.) Although the ALJ may give Ms. Berger's opinion less weight because she is not an "acceptable medical source" under the regulations, the ALJ must provide germane reasons to reject her opinion. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); SSR 06-03p. On remand, the ALJ should reconsider Ms. Berger's opinion and provide germane reasons if he chooses to reject it again.

were not the reasons cited by the ALJ. (Dkt. No. 22 at 11-13.) The Commissioner's post hoc explanation, even if correct, is insufficient to cure the ALJ's error. *See, e.g., Ceguerra v. Sec'y of Health & Human Serv.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). Furthermore, the ALJ's error in determining that plaintiff's alcoholism was a contributing factor material to the finding of disability was not harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (mistakes that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability determination" constitute harmless error). Accordingly, remand for further administrative proceedings is appropriate to allow the ALJ to remedy the above mentioned deficiencies and errors. On remand, the ALJ should reevaluate the medical evidence in considering what mental limitations, if any, would remain if plaintiff stopped abusing alcohol. If warranted, the ALJ should obtain testimony from a medical expert as to the effect on plaintiff's mental impairments if she were to abstain from alcohol abuse.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings not inconsistent with this Report and Recommendation. A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of August, 2012.

Mary Alice Theiler
United States Magistrate Judge